UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES E. PERKINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES P. JOHNSTON, MICHAEL )<br>MITCHEFF, and KARLA FOSTER, )<br>)<br>Defendants. ) | CAUSE NO. 3:05-CV-0729 AS |

*OPINION AND ORDER*

Charles Perkins, a prisoner currently confined at the Correctional Industrial Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana State Prison officials violated his federally protected rights while he was housed at the Indiana State Prison. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley,* 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must

> allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Perkins brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Perkins alleges that in 1998, James Johnson improperly fitted him with a left ocular prosthesis, and adjusted it twice in 1999 without properly correcting it. Attachments to the complaint establish that Dr. Johnson also saw Mr. Perkins in 2002.

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Bell v.*

*City of Milwaukee*, 746 F.2d 1205, 1229 (7th Cir. 1984). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 987 (7th Cir. 2001); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994). Because all of the events in which Defendant Johnson was involved occurred more than two years before Mr. Perkins submitted his complaint to the court, the claim against him is barred by the statue of limitations.

Mr. Perkins alleges that more recently, he has been attempting to get another left ocular prosthesis because the one he has causes pain and discomfort. He asserts that Indiana State Prison Medical Director Michael Mitcheff and Health Care Administrator Karla Foster refused to provide him with a left ocular prosthesis that would eliminate pain and discomfort.

3

Mr. Perkins seeks damages from defendants Mitcheff and Foster. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Mr. Perkins asserts that a doctor has prescribed a left ocular prosthesis for him. He alleges that the left ocular prosthesis he has causes him pain and discomfort but that defendants Mitcheff and Foster refused to provide him with a left ocular prosthesis that would eliminate pain and discomfort.

4

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. Giving Mr. Perkins the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim against defendants Mitcheff and Foster.

Mr. Perkins also seeks injunctive relief compelling the defendants "to treat Petitioner's medical need under the Indiana Department of Correction ("IDOC") policy in effect at the time of initial treatment" (complaint at p. 5), rather than under the current IDOC policy. The United States Constitution, however, does not preclude prison officials from changing policies, nor does it require them to apply a superceded policy to a prisoner who received a benefit under the old policy.

Moreover, the Eleventh Amendment precludes this court from entertaining Mr. Perkins's request that it require state officials to conform their conduct to a particular departmental policy. A federal court lacks jurisdiction to enjoin state officials to follow state law. "A federal court's grant of relief against state officials on the basis of state law, . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform

5

their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984).

The court will allow Mr. Perkins to proceed for injunctive relief only under federal law, requiring the defendants to provide him with a new left ocular prosthesis if he can establish a right to a new left ocular prosthesis under the Eighth Amendment.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Michael Mitcheff and Karla Foster in their personal capacities for damages and in their official capacities for injunctive relief on his Eighth Amendment claim that they were deliberately indifferent to his serious medical needs;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** defendant James Johnson, **DISMISSES** the plaintiff's claims for injunctive relief under Indiana Department of Correction policy, and **DISMISSES** all substantive damage claims except for his Eighth Amendment personal capacity damage claim that Michael Mitcheff and Karla Foster were deliberately indifferent to his serious medical needs;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants Michael Mitcheff and Karla Foster respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Michael Mitcheff and Karla Foster on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

**IT IS SO ORDERED.**

**ENTERED**: May 12 , 2006

                                          **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**